2101
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━CASE NO: _____

ROBERT V. SUTERA,

                               HON. , U.S.D.J.

        PLAINTIFF,

   V.                            **COMPLAINT**

ROCHESTER CITY SCHOOL DISTRICT, JOSEPH GRIFFIN,
MARGARET CIVILETTI, JOEL JIMENEZ, ROBERT CRANE,
NICK RUSSO, JOHN GOODWIN AND DOUG BAKER,

        DEFENDANTS.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Plaintiff, for his complaint, states:

## I.  PRELIMINARY STATEMENT

1. Plaintiff, brings this action under Title VII of the Civil Rights Act of 1964 of the United States, as amended, 42 U.S. C. §1981, § 1981a and §1983, as amended, and Article 15 of the Executive Law of the State of New York, for damages caused by defendants.

## II.  PARTIES

2. The defendant Rochester City School District (hereafter "School District") is a public governmental body constituted and operating under the laws of New York and operates the City of Rochester public schools.

3. Plaintiff was and is a resident of Monroe County, New York.

4. At all times hereinafter mentioned, each of the individual defendants was an employee of the School District.

5. On information and belief, the individual defendants Griffin, Civiletti, Crane, Russo, Goodwin and Baker are residents of New York and employed in the city of Rochester, Monroe County, New York.   Defendant Jimenez is a resident of South Carolina.

6. At all times hereafter mentioned, plaintiff was and is a white male employee of the School District. Defendant School District is a public governmental body organized under the laws of New York, and is an employer within the State of New York and within the jurisdictional coverage of Title VII of the Civil Rights Act, as amended, and 42 U.S. Code §§ 1981, 1981a, 1983, as amended, and Article 15   of the Executive Law of New York.

### III.  JURISDICTION AND VENUE

7. On January 7, 2010, the plaintiff timely submitted a charge of discrimination to the New York State Division of Human Rights (Case  No. 10138699)  based on discrimination in the workplace.  No complaint was filed separately with the Federal Equal Employment Opportunity Commission, because of the dual filing agreement between the state agency and the EEOC.  The EEOC assigned a Charge Number to plaintiff's complaint.  It is: 16G-2010-01397.

8. On December 3, 2010 State Division of Human Rights (hereafter, "SDHR") recommended that pursuant to Section 297.3(c) the complaint should be dismissed on the grounds of administrative convenience. (Attachment 1)   A Notice of Final Order dismissing the complaint was adopted, issued and ordered on January 6, 2011. (Attachment 2)   On January 19, 2011 the EEOC issued a Right to Sue Letter without making any determination  that there was a violation of Title VII. .  On January 21, 2011, the plaintiff received a "notice of right to sue within 90 days" from the EEOC. A copy of this notice is attached and incorporated herein by reference.(Attachment 3). This action is commenced within ninety days of the receipt of the "right to sue" notice.  Each of these notices from the SDHR and EEOC is attached to this complaint as an attachment.

9. This civil action also seeks damages against defendants for committing acts under color of law which deprive plaintiff of rights secured under the Constitution and laws of the United States of America; and for conspiring for the purpose of impeding and hindering those rights as guaranteed under the Constitution of the United States with intent to deny plaintiff equal protection of the law and other rights and liberties, and for refusing or neglecting to prevent such deprivation and denial, as will be more fully specified below.

10. The jurisdiction of the court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, 42 U.S.C.§1981, §1981a, §1983, and Article 15 of the Executive Law of New York.

11. Venue for all causes of action stated herein lies in Monroe County, New York as the acts alleged as a basis for federal claims and state claims took place within the boundaries of that county and state, and plaintiff and defendants are residents of and do business in Monroe County New York.

## IV. FACTS

12. Plaintiff was and is employed by defendant School District in the position of Senior Maintenance Mechanic. He has been employed by the School District in that position since January 1987. His contract of employment was and is governed by the Collective Bargaining Agreement (hereafter "CBA") between the School District and BENTE Local 2419 (AFL-CIO). The agreement in force at the time this controversy arose is dated July 1, 2007-June 30, 2010.

13. In September 2009, the provisions of the CBA , Article XIV, Section 2. C, read as follows:

> "Job vacancies in the non-competitive and labor class positions shall be filled from among those employees who meet the qualifications for and possess the necessary abilities to perform the job.  Where two (2) or more candidates meet the established job specifications and qualifications for the position and where each of the candidates possess the necessary ability to perform the job as documented by work history and evaluations the greatest amount of seniority shall be selected to fill the position."

14. On September 29, 2009 the School District advertised as open, the position of MAINTENANCE MECHANIC I (FOREMAN). The position was advertised as open for application to all members of the staff, and was classified as non-competitive in the Labor Classification. The advertised position of Maintenance Mechanic I (Foreman) was a promotion constituting a new and distinct relationship between plaintiff and the School District accompanied by an increase in salary and responsibility as well as a change of function. Two positions in this classification were open and were to be filled. The positions were: (1) Maintenance Mechanic I (Foreman) Plumbing and Heating - HVM and (2) Maintenance Mechanic I (Foreman) Carpentry.

15. On September 29, 2009 plaintiff, then in the position of Senior Maintenance Mechanic, submitted an application for the Maintenance Mechanic I (Foreman) for an open position, as advertised, and delivered it along with his work resume to the human resources office of the School District and received a stamped dated copy.

16. Plaintiff was qualified by work and experience to fill each of the open positions, HVM - Plumbing and Carpentry.

17. On October 5, 2009 all applicants, except for the plaintiff, were notified of an interview date and time. Plaintiff complained to his supervisor of the failure to notify him of an interview and was told that he did not apply for the position. Plaintiff then provided the supervisor with the stamped dated copy of the application and the next day was given an interview date and time. The head of the human resources department, Alpha Daly-Majors, never responded to plaintiff's inquiries on why he was never notified of the interview date and not given the three day preparation that the other applicants were given.

18. In plaintiff's interview before the individual defendants, the members of the interviewing board, plaintiff stated that he preferred the carpentry foreman position because of his experience, although he was also qualified by experience to fill the plumbing foreman position.

19. On information and belief, in the summer of 2009, Cynthia Elliot, an African-American, and a member of the elected City School District Board toured the Plant Maintenance Facility at 835 Hudson Avenue, Rochester and blatantly stated: "Why are there no black men in charge around here?"

20. Each of the individual defendants was a voting member of the committee which determined who would receive the promotions to the Maintenance Mechanic I (Foreman) position.

21. Several days prior to the interview process the defendants Crane, Jimenez and Griffin met privately at the Plant Maintenance Facility and discussed the job applicants for the foreman positions. After the meeting the defendant Crane stated to Foreman Steven Ornt that a Mr. Tyndall was getting the plumbing foreman job and that Roddy Johnson was going to get the carpentry foreman job and be their "token N-word". At the time this statement was made by defendant Crane, Steven Ornt was a member of the interview selection committee.

22. In October 2009 the committee, under the urging and pressure from defendant Griffin, voted to give the Maintenance Mechanic I (Foreman) Carpentry promotion to Roddy Johnson an African-American who was less qualified and had less seniority than the plaintiff, in violation of the plaintiff's contractual rights under provisions of the Collective Bargaining Agreement .

23. The Maintenance Mechanic I (Foreman) Plumbing HVM position was given to a qualified co-worker of the plaintiff, who had less seniority than the plaintiff.

**FOR A FIRST SEPARATE AND DISTINCT CLAIM AGAINST DEFENDANTS, PLAINTIFF STATES:**

24. Restates and alleges all the allegations in paragraphs "1" through "23" of the complaint as if fully set forth herein.

25. Each of the individual defendants was a voting member of the committee which determined who would receive the promotion to the Maintenance Mechanic I (Foreman) Carpentry position and was acting within the course of employment and carrying out the duties given to each of them by their employer. Each of the individual defendants committed acts of intentional discrimination as follows:

    (a) disparate treatment of the plaintiff in denying the plaintiff the promotion to the Maintenance Mechanic I (Foreman) Carpentry position for which he was more qualified and had greater seniority than Roddy Johnson, an African-American. The decision to deny plaintiff the promotion was based on plaintiff's race and not in accordance with the Collective Bargaining Agreement and was in violation of Title VII of the Civil Rights Law of 1964, as amended.

    (b) disparate treatment of the plaintiff in denying the plaintiff the promotion to the Maintenance Mechanic I (Foreman) Carpentry position for which he was more qualified and had greater seniority than Roddy Johnson, an African-American. The decision was to deny plaintiff the promotion was based on plaintiff's race in violation of the Article 15 of the Executive Law of New York.

    (c) disparate treatment of the plaintiff in denying the plaintiff the promotion to the Maintenance Mechanic I (Foreman) Carpentry position for which he was more qualified and had greater seniority than Roddy Johnson, an African-American. The decision to deny plaintiff the promotion was based on plaintiff's race in violation of plaintiff's contractual rights as a citizen under the Collective Bargaining Agreement, in violation of 42 U.S.C. §1981, and §1981a., as amended

      (d)      disparate treatment of the plaintiff in denying the plaintiff the promotion to the Maintenance Mechanic I (Foreman) Carpentry position for which he was more qualified and had greater seniority than Roddy Johnson, an African-American. The decision to deny plaintiff the promotion was based on plaintiff's race and denied plaintiff his contractual rights as a citizen under the Fourteenth Amendment of the Constitution of the United States, in violation of the 42 U.S.C. §1981, and §1981a, as amended..

26. Each of the individual defendant's acts of intentional discrimination set forth in paragraph "24" and paragraph "25" was in violation of Title VII of the Civil Rights Act of 1964 and the Executive Law of New York, Article 15, and 42 U.S.C. §1981, § 1981a, as amended. These acts were committed in the course of employment and ratified thereafter by the defendant School District employer.

27. The acts of discrimination against the plaintiff employee by the individual defendants, authorized and ratified thereafter by the defendant School District, was in violation of 42 U.S.C. §1981 and §1981a. The plaintiff's equal rights under the law to enforce contracts, particularly his employment contract with the defendant School District, was violated by the individual defendants within the course of employment and was ratified by the defendant School District.

28. As a direct and proximate result of said unlawful employment practices and the disregard for plaintiff's rights and sensibilities, the plaintiff has lost and will continue to lose past and future wages and continue to lose job promotion opportunities, promotion benefits and job enjoyment.

29. As a further direct and proximate result of said unlawful employment practices, the plaintiff has suffered the indignity of discrimination, the invasion of his rights to be free from discrimination, and great humiliation.

30. As a further direct and proximate result of said unlawful employment practices, the plaintiff has suffered mental anguish, outrage, severe anxiety painful embarrassment among his friends and co-workers, damage to his good reputation, and loss of enjoyment of the ordinary pleasures of everyday life, and enjoyment of his work, all to his damage.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

(a) Money damages as compensation for anxiety and emotional damage in the sum of $500,000.

(b) Money damages as compensation for loss of back pay to the time of trial in the sum of $250,000

(c) Money damages as compensation for front pay (future loss of pay) for plaintiff's work life expectancy in the sum of $200,000.

(d) Punitive damages under Title VII of the Civil Rights Act of 1964, in the sum of $500,000, based on the intentional discrimination by defendant employer.

(e) Compensatory, Special and Punitive damages against the defendants as allowed by law for the violation of the plaintiff's Equal Rights Under the Law, as set forth in 42 U.S.C. §§ 1981 and 1981a, in the total sum of $1,500.000.

(f) Costs and disbursements of the action, attorney's fees and further relief which is just and proper.

### VI. Demand for Jury Trial

The Plaintiff demands trial by jury on all legal issues.

Dated: 3 February 2011
Rochester, New York

*Samuel F. Prato*
SAMUEL F. PRATO
Attorney for Plaintiff
106 Cobblestone Court Dr. - #169
Victor, New York 14564
585/ 325-5900
e-mail: sfp@pratolaw.com



DAVID A. PATERSON
GOVERNOR

**NEW YORK STATE
DIVISION OF HUMAN RIGHTS**

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS
   on the Complaint of

ROBERT V. SUTERA,
                           Complainant,

v.

ROCHESTER CITY SCHOOL DISTRICT,
                           Respondent.

---

RECOMMENDED ORDER
OF DISMISSAL FOR
ADMINISTRATIVE
CONVENIENCE

Case No. **10138699**

## PROCEEDINGS IN THE CASE

On January 7, 2010, Complainant filed a verified complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

The case was assigned to Spencer D. Phillips, an Administrative Law Judge ("ALJ") of the Division. The Complainant was represented by Samuel Prato, Esq. Respondent was represented by Cara Briggs, Esq.

Pursuant to Section 297.3(c) of the Human Rights Law, the complaint should be dismissed on the grounds of administrative convenience. The Complainant intends to pursue

**Attachment 1**

federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

ORDERED, that the case be dismissed for administrative convenience.

DATED:  December 3, 2010
        Rochester, New York

*[signature: Spencer Phillips]*

Spencer D. Phillips
Administrative Law Judge



ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION
OF HUMAN RIGHTS
  on the Complaint of

ROBERT V. SUTERA,
                    Complainant,
              v.

ROCHESTER CITY SCHOOL DISTRICT,
                    Respondent.

NOTICE AND
FINAL ORDER

Case No. 10138699

---

**PLEASE TAKE NOTICE** that the attached is a true copy of the Recommended Order of Dismissal for Administrative Convenience ("Recommended Order"), issued on December 3, 2010, by Spencer D. Phillips, an Administrative Law Judge of the New York State Division of Human Rights ("Division"). An opportunity was given to all parties to object to the Recommended Order, and all Objections received have been reviewed.

<u>**PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED ORDER IS HEREBY ADOPTED AND ISSUED BY THE HONORABLE GALEN D. KIRKLAND, COMMISSIONER, AS THE FINAL ORDER OF THE NEW YORK STATE DIVISION OF HUMAN RIGHTS ("ORDER")**</u>. In accordance with the Division's Rules of Practice, a copy of this Order has been filed in the offices maintained by the Division at One Fordham Plaza, 4th Floor, Bronx, New York 10458. The Order may be inspected by any

**Attachment 2**

member of the public during the regular office hours of the Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, within sixty (60) days after service of this Order. A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. Please do not file the original Notice or Petition with the Division.

ADOPTED, ISSUED, AND ORDERED.

DATED: JAN 06 2011
Bronx, New York

GALEN D. KIRKLAND
COMMISSIONER

TO:

Complainant
Robert V. Sutera
7957 Townline Road
Bergen, NY 14416

Complainant Attorney
Samuel F. Prato, Esq.
106 Cobblestone Court Drive, #169
Victor, NY 14564

Respondent
Rochester City School District
Attn: Cara Briggs, Esq., Associate Counsel
Department of Law
131 West Broad Street
Rochester, NY 14614

Hon. Eric T. Schneiderman, Attorney General
Attn: Civil Rights Bureau
120 Broadway
New York, New York 10271

State Division of Human Rights
Enforcement Unit
Sharon J. Field, Director of Prosecutions
One Fordham Plaza, 4th Floor
Bronx, New York 10458

Spencer D. Phillips
Administrative Law Judge

Sara Toll East
Chief, Litigation and Appeals

Caroline J. Downey
General Counsel

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Robert V. Sutera**
**7957 Townline Road**
**Bergen, NY 14416**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2010-01397 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    **Charging Party wishes to pursue matter in Federal District Court.**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Elizabeth Grossman* (signature)    JAN 19, 2011

**Elizabeth Grossman,**
**Acting District Director**

(Date Mailed)

Enclosures(s)

cc: **ROCHESTER CITY SCHOOL DISTRICT**
**Department of Law 131 West Broad St.**
**Attn: Human Resources Director**
**Rochester, NY 14614**

Samuel F. Prato, Esq.
Attorney and Counselor at Law
106 Cobblestone Court Drive, #169
Victor, NY 14564

**Attachment 3**